**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re ANTHONY PARDO,<br><br>Debtor.<br><br>ANTHONY PARDO,<br><br>        Appellant,<br><br>v.<br><br>STEVEN P. KARTZMAN,<br><br>        Appellee. | Civil Action No. 22-2148 (SDW)<br><br>**WHEREAS OPINION**<br><br>July 20, 2022 |

**WIGENTON**, District Judge.

    **THIS MATTER** having come before this Court upon Appellant Anthony Pardo's ("Appellant") appeal of the decisions of the United States Bankruptcy Court for the District of New Jersey, which dismissed his adversary proceeding and sanctioned his counsel, (D.E. 1); and

    **WHEREAS** on May 18, 2022, this Court dismissed Appellant's appeal for failure to timely file a Designation of Contents of Record and Statement of Issues pursuant to Federal Rule of Bankruptcy Procedure 8009, and failure to apply for an extension of time to do so, (D.E. 5); and

    **WHEREAS** on May 18 and 19, 2022, Appellant's counsel wrote letters to this Court asking this Court to vacate its dismissal order and grant him two weeks to submit the required documentation. (D.E. 7, 9.) This Court granted Appellant's request on May 20, 2022, vacating its order and reinstating Appellant's appeal, (D.E. 10); and

**WHEREAS** Appellant improperly filed a Statement of Issues to be Presented on Appeal directly with this Court on June 3, 2022, instead of with the Bankruptcy Court. (D.E. 11.) The Clerk of the Court quickly notified Appellant of the error, but Appellant did not correct his filing error until June 29, 2022, (*see* D.E. 15, 16); and

**WHEREAS** on June 21, 2022, Appellant improperly appealed to the United States Circuit Court of Appeals for the Third Circuit, (D.E. 13), which does not have jurisdiction over this matter until this Court issues a final ruling, *see* 28 U.S.C. §§ 158(d) and 1291; and

**WHEREAS** Appellant's brief was initially due on July 6, 2022, in this matter, but Appellant did not timely file the brief or request an extension until the day of the deadline, (*see* D.E. 12, 16, 17); and

**WHEREAS** on July 6, 2022, this Court entered an order stating, "Appellant's Brief is due at 4 P.M. on Wednesday, July 13, 2022. No further extensions will be granted. Failure to timely file the brief will result in the dismissal of this appeal," (D.E. 18); and

**WHEREAS** Appellant filed his brief on July 13, 2022, (D.E. 19), but the brief did not comply with Federal Rules of Bankruptcy Procedure 8014(a)(4) (stating that "[t]he appellant's brief must contain . . . a jurisdictional statement"), 8014(a)(5) (stating that "[t]he appellant's brief must contain . . . a statement of the issues presented and . . . the applicable standard of appellate review" for each issue), or 8018(b)(1) (stating that "the appellant must serve and file with [his] principal brief" an appendix containing certain excerpts of the record). The appellee identified these issues on July 14, 2022, (D.E. 20), but Appellant did not file a response; and

**WHEREAS** Appellant has repeatedly flouted the procedural rules that apply to him and taken advantage of this Court's courtesies and accommodations; therefore,

Appellant's appeal will be *sua sponte* **DISMISSED**. An appropriate order follows.

/s/ Susan D. Wigenton<br>**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk  
cc: Parties