NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re ANTHONY PARDO,<br><br>Debtor.<br><br>ANTHONY PARDO,<br><br>Appellant,<br><br>v.<br><br>STEVEN P. KARTZMAN,<br><br>Appellee. | Civil Action No. 22-2148 (SDW)<br><br>**WHEREAS OPINION**<br><br>November 30, 2022 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon Appellee Steven P. Kartzman's ("Appellee") motion for sanctions against Giovanni De Pierro and De Pierro Radding LLC ("Appellant's Counsel"), counsel for Appellant Anthony Pardo ("Appellant"), pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 8020 (D.E. 23); and

**WHEREAS** on April 12, 2022, Appellant's Counsel filed an improper appeal to the United States Court of Appeals for the Third Circuit, appealing judgments and orders from the United States Bankruptcy Court for the District of New Jersey dismissing his adversary proceeding and sanctioning Appellant's Counsel.[1]  (D.E. 1.)  That appeal was docketed in this Court as the instant appeal and, on July 20, 2022, this Court dismissed it *sua sponte* upon finding that Appellant had

---

[1] The Third Circuit did not have jurisdiction over this direct appeal from the Bankruptcy Court.  *See* 28 U.S.C. § 158(a), (d) (giving district courts appellate jurisdiction over orders issued by a bankruptcy judge and circuit courts appellate jurisdiction over final rulings of a district court).

"repeatedly flouted the procedural rules that apply to him and taken advantage of this Court's courtesies and accommodations" (D.E. 21, 22); and

**WHEREAS** on June 21, 2022, while the instant appeal was still pending in this Court, Appellant's Counsel filed a *second* improper appeal to the Third Circuit, again seeking to directly appeal there from bankruptcy court. (D.E. 13, 14.) The Third Circuit ordered the parties to address whether it had jurisdiction over the appeal. (D.E. 23-5.) Appellee filed a brief as ordered, but Appellants did not respond to the Third Circuit's order. (D.E. 23-6, 23-7.) On October 20, 2022, the Third Circuit dismissed the appeal for failure to prosecute (*see* 3d Cir. 22-2143); and

**WHEREAS** pursuant to Bankruptcy Rule 8020, a district court may impose sanctions on an attorney or party for filing a frivolous appeal or for "other misconduct, including failure to comply with any court order," so long as the party has had notice and an opportunity to show cause why sanctions should not be imposed. Fed. R. Bankr. P. 8020.[2] In considering a similar form of sanctions for frivolous appeals permitted under Federal Rule of Appellate Procedure 38, the Third Circuit has explained that they are intended to "compensate appellees who are forced to defend judgments awarded them . . . from appeals that are wholly without merit," and "to discourage litigants from unnecessarily wasting their opponents' time and resources." *Nagle v. Alspach*, 8 F.3d 141, 145 (3d Cir. 1993). Moreover, the frivolousness inquiry is an objective one, so sanctions may be imposed "regardless of good or bad faith," and the "presence of non-frivolous arguments will not save one who files an otherwise meritless appeal from payment of [damages]." *Id*. (quotation marks omitted); and

**WHEREAS** on June 10, 2022, Appellee sent a letter notifying Appellant's Counsel that it would pursue sanctions if the instant appeal was not withdrawn, and detailing numerous legal

---

[2] *See, e.g., Lin v. Sharer*, 2015 WL 6687997 (D.N.J. Oct. 30, 2015); *Lin v. Sharer*, 2016 WL 3951671 (D.N.J. July 21, 2016).

defects that warranted such sanctions. (D.E. 23-4.) The instant motion for sanctions was filed on August 8, 2022. (D.E. 23.) Appellant's Counsel have thus had adequate notice and an opportunity to respond, and they have in fact filed opposition papers (D.E. 23, 27, 28); and

**WHEREAS** this Court finds Appellant's Counsel's conduct in these appeals egregious: They have filed two frivolous appeals to the Third Circuit when that Court had no jurisdiction to hear said appeals, ignored court orders, and wasted the time and resources of this Court, the Third Circuit, and opposing counsel. This misconduct occurred notwithstanding the greater than $30,000 sanction recently imposed on Appellant's Counsel by the bankruptcy court for bad faith filings in that court (D.E. 1-1 at 3–7), and detailed warnings by opposing counsel of the risk of further sanctions in this Court. Appellant's Counsel have been warned, sanctioned, and given second chances, and have not learned. In their opposition, they present no justification or apology for their conduct, and their unacceptable excuses only further persuade this Court that sanctions pursuant to Bankruptcy Rule 8020 are warranted and necessary; and

**WHEREAS** Appellee requests $27,123.00 in sanctions, which represents the full costs of attorney's fees for both appeals. Such award would be justified but, under the circumstances and for the reasons stated above, this Court finds an award of $10,000 a reasonable and sufficient sanction; therefore

Appellee's motion for sanctions pursuant to Fed. R. Bankr. P. 8020 will be **GRANTED** and Appellant's Counsel will be jointly and severally liable to Appellee in the amount of $10,000. An appropriate order follows.

                                                                                          /s/ Susan D. Wigenton
                                                          **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties